**In the Matter of James R. "Cobby" REED, Debtor.**

**James R. "Cobby" REED, Appellant Cross–Appellee,**

v.

**COMMERCIAL STATE BANK OF EL CAMPO, Appellee Cross–Appellant.**

No. 88–2187
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1988.

James Blanco, Jr., Houston, Tex., for appellant cross-appellee.

James M. Dash, Rosenthal & Schanfield, Chicago, Ill., Craig L. Weinstock, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Tex., for appellee cross-appellant.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

CLARK, Chief Judge:

James R. "Cobby" Reed filed this action against Commercial State Bank of El Campo ("CSB"). The district court granted CSB's motion for summary judgment and denied CSB's motion for sanctions. Reed appeals, and CSB cross appeals. On Reed's appeal, we dismiss as frivolous and impose costs, expenses and attorneys' fees

on Reed's attorney under 28 U.S.C. § 1927. On the cross-appeal of CSB, the judgment of the district court is affirmed.

## I.

Reed is a Texas rice farmer. In the fall of 1983 he established a line of credit with CSB and signed a series of notes as he drew on the credit. In February 1984 CSB demanded full payment of the notes, and Reed filed a petition in bankruptcy seeking to reorganize under Chapter 11.

. On August 30, 1984 Reed filed a suit against CSB in the United States District Court for the Southern District of Texas alleging several causes of action arising out of the loan transaction. On February 27, 1986 the district court dismissed the case with prejudice under Fed.R.Civ.P. 37(b)(2)(C) for failure of Reed to comply with discovery orders. Reed did not appeal from the dismissal.

On September 10, 1986 Reed filed a second complaint against CSB in state court. The second complaint alleges almost identical facts as the complaint filed in the 1984 lawsuit, except that the second complaint contains—in the words of Reed's attorney —"additional sentences tossed in to change the tone and emphasis of presentation." The second complaint alleges the same causes of action as the original complaint except it omits one federal claim and adds three pendent state law claims arising out of the same facts.

On CSB's motion, the case was removed to the United States District Court for the Southern District of Texas. CSB notified Reed's counsel that unless the suit was dismissed with prejudice, CSB would seek sanctions under Fed.R.Civ.P. 11. In Mr. Blanco's words, "[i]nstead of dismissing this case, plaintiff's attorney has rightfully and in good faith pursued it and has attempted to use this lawsuit as a 'bargaining chip' in plaintiffs' bankruptcy."

CSB moved for summary judgment on grounds of res judicata and for sanctions under Fed.R.Civ.P. 11. The district court found that the second action was barred by res judicata and granted the motion for summary judgment. The court denied

CSB's motion for sanctions. Both parties appeal.

## II.

The principles of res judicata are well established in this circuit:

> For a prior judgment to bar subsequent action, it is firmly established (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits. If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect to every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented.

*Stevenson v. International Paper Co.*, 516 F.2d 103, 108–09 (5th Cir.1975) (citations omitted).

■ In the district court Reed conceded that the parties were identical in both suits and that the prior judgment was rendered by a court of competent jurisdiction. On appeal Reed concedes that the same cause of action is involved in both suits, but now argues that the prior judgment was not rendered by a court of competent jurisdiction because the Federal Rules of Civil Procedure are unconstitutional. This frivolous argument occupies the majority of the 88 pages of appellate briefs filed on behalf of Reed. It is unnecessary to address the argument because it was not raised before the district court. *Capps v. Humble Oil & Refining Co.*, 536 F.2d 80, 82 (5th Cir.1976).

■ Reed also raises the equally frivolous argument that the dismissal of the first case under Fed.R.Civ.P. 37(b)(2)(C) was not a final judgment on the merits. This argument is without merit because the dismissal was with prejudice. *See Dillard*

*v. Security Pacific Brokers, Inc.*, 835 F.2d 607 (5th Cir.1988).

 Reed asserts that there should be an equitable exception to the doctrine of res judicata because the failure to comply with discovery orders in the first case was due to the incapacitation of one of counsel's associates. This assertion is without merit. Furthermore, "equitable grounds" for failing to comply with discovery orders should have been the subject of an appeal from the final judgment in the first case or a motion under Fed.R.Civ.P. 60(b).

Contrary to Reed's contention, dismissal on grounds of res judicata does not leave Reed without a remedy. As the district court appropriately noted in its opinion, the remedy for mistakes of counsel is a legal malpractice action. In asserting that a malpractice action is not an adequate remedy, Reed's reply brief states that "even if such a malpractice suit is successful, the probability of collecting from a small law firm is often much less than the probability of collecting from a bank." That such a thought would be entertained by an attorney, much less formalized in a brief filed in this court, is a discouraging display of unprofessionalism.

Despite the imperative standard in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 871–73 (5th Cir.1988), we cannot say that the district court abused its discretion in denying CSB's motion for sanctions. Nonetheless, we find that counsel for appellant has multiplied the proceedings in this case unreasonably and vexatiously in noticing and briefing this frivolous appeal. Counsel's appellate claims do not advance propositions well-grounded in fact nor are they warranted by existing law or any plausible good faith argument for the extension, modification or reversal of existing law. Rather, they are each and all specious attacks on a prior final judgment entered with prejudice to his client's rights and again confirmed by the district court. Counsel's persistent prosecution of a meritless claim is now completely apparent. *Thomas, supra,* at 875. Pursuant to 28 U.S.C. § 1927, counsel for Reed, Jesse Blanco, Jr. is ordered to satisfy personally the costs, reasonable expenses and attorney's fees incurred by CSB in responding to this appeal. *Thomas, supra,* section E at 878 defines "reasonable."

Counsel for CSB shall file with the clerk of this court, at the time of filing the bill of costs (Fed.R.App.P. 39, Local Rule 39), an affidavit in accordance with Local Rule 47.-8, setting forth the expenses and attorneys fees incurred in work reasonably done on this appeal so that this court may determine the amount of expenses and attorneys' fees reasonably incurred.

The appeal of James R. Reed is dismissed as frivolous. On the cross-appeal of CSB, the judgment of the district court denying sanctions is affirmed. The mandate is stayed pending determination of the amount of expenses and attorneys fees.

APPEAL DISMISSED AS FRIVOLOUS; COSTS, EXPENSES and ATTORNEYS' FEES ASSESSED AGAINST COUNSEL, JESSE BLANCO, JR.; ON CROSS–APPEAL, AFFIRMED; MANDATE STAYED PENDING FURTHER ORDER.