USCA1 Opinion

 

 September 6, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT [NOT FOR PUBLICATION] ____________________ No. 94-1377 JOSE M. TOUS, INC., ET AL., Plaintiffs, Appellants, v. CONTINENTAL SUPPLIES, INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Boudin, Circuit Judges. ______________ ____________________ Jose M. Tous-Rodriquez on brief pro se. ______________________ Agusto A. Cirino Gerena on brief for appellees Continental __________________________ Supplies, Inc., Efrain Ortiz, and his wife Maria Guzman and their Conjugal Partnership. P. Casto Amy, Rafael F. Castro Lang, and Alfonso Rivera ______________ ________________________ ________________ Valdivieso on brief for appellees Cuevas and Family Restaurant, Inc. __________ ____________________ ____________________ Per Curiam. Appellants, Jose M. Tous, Inc., and __________ Jose M. Tous (referred to as "Tous") appeal from the judgment of the Puerto Rico district court dismissing the second amended complaint filed by Tous for failure to comply with Fed. R. Civ. P. 9(b). Tous and Hermanos Ramon, Inc., Reynaldo Luis Ramon, Iris Delia Rodriguez Rivera (Ramon's spouse) and their conjugal partnership (referred to as "Ramon") also appeal from the denial of the motion to file a third amended complaint and to add the Ramon parties as plaintiffs to that complaint. Both pleadings allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq. ("RICO"). Named __ ____ as defendants in the second and third amended complaints are (1) Continental Supplies Corp.; (2) Efrain Ortiz, his wife and their conjugal partnership; (3) Hector Cuevas Cuevas, his wife and their conjugal partnership; (4) Hector Cuevas Ramos, his wife and their conjugal partnership; (5) Miguel Elias Boneta, his wife and their conjugal partnership; and (6) Family Restaurants, Inc. I. APPELLATE JURISDICTION _ ______________________ Before addressing the merits of the appeal, we must dispose of two jurisdictional issues. The first, raised by Family Restaurants, Cuevas Cuevas and Cuevas Ramos, concerns Fed. R. App. P. 3(c). Appellees point out that the notice of appeal refers only to the judgment dismissing the second -2- amended complaint. Rule 3(c) requires that "[a] notice of appeal must . . . designate the judgment, order, or part thereof appealed from . . . ." By failing to specifically refer to the order denying the motion to add the Ramon parties as plaintiffs, appellees argue, this court cannot review the order. Appellees are mistaken. The general rule is that interlocutory orders, such as the one to which appellees refer, are subject to appeal once the district court enters a final judgment. See Mangual v. Gen. Battery Corp., 710 F.2d ___ _______ __________________ 15, 17 n.2 (1st Cir. 1983) (interlocutory order dismissing complaint as to some, but not all, defendants appealable when final judgment entered); 9 James W. Moore, Bernard J. Ward & Jo Desha Lucas, Moore's Federal Practice 110.08[1], at 47- _________________________ 54 (2d ed. 1994) (interlocutory orders that leave the cause of action pending are "reviewable on appeal from final judgment"). Thus, we have jurisdiction to review the order denying the motion to file the third amended complaint and the request to add parties.1 Also unavailing is appellees' argument that the Ramon parties cannot be appellants because the notice of appeal is defective. First, they argue, it does not ____________________ 1. This renders moot appellees' further contention that the appeal should be dismissed because the Ramon appellants were not parties to the second amended complaint and, therefore, had no right to complain about the judgment dismissing it. -3- specifically refer to them as "appellants" and, second, the body of the notice only states that "plaintiff above-named" is appealing. Under Rule 3(c), a notice of appeal is effective if it names each appellant in the caption of the notice of appeal. The Ramon parties are, in fact, listed in the caption. The fact that the caption refers to them as "plaintiff" does not invalidate the propriety of the notice. "An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c). This is such a case. The second issue we raise sua sponte. In their ___ ______ answer to the complaint, Continental Supplies and Ortiz asserted a counterclaim for abuse of the legal process by Tous and for attorney's fees. They also cross-claimed against Cuevas Cuevas and Cuevas Ramos for recompense should Tous prevail. The district court never disposed of these claims. Under Fed. R. Civ. P. 54(b), an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ." Such an order is not generally appealable. See Rule 54(b) ___ (requiring certification of such interlocutory orders for purposes of appeal). There are exceptions to this rule, however, which -4- we believe control this appeal. First, an order which "necessarily resolve[s]" an outstanding counterclaim or cross-claim is final despite the lack of reference to the claim in the final judgment. See Boston Car Co. v. Acura ___ _______________ _____ Auto. Div., 971 F.2d 811, 814 (1st Cir. 1992). Here the ___________ cross-claim for recompense was resolved when the complaint was dismissed. That is, once appellants lost, this claim became moot. The counterclaim, however, was not decided by the dismissal of the action and still is pending. Nonetheless, the nature of this claim does not preclude a determination that the judgment appealed from is final. Under Budinich v. ________ Becton Dickinson & Co., 486 U.S. 196 (1988), the Supreme _______________________ Court held that an outstanding request or motion for attorney's fees does not prevent finality because "its resolution will not alter the order [on the merits] or moot or revise decisions embodied in the order." See id. at 199- ___ ___ 200. As for the claim for abuse of the legal process, appellees do not press it on appeal. In any event, it necessarily could not arise until the action was concluded and the appellants had lost. Cf. In re Sweet Transfer & ___ ________________________ Storage, Inc., 896 F.2d 1189, 1191 (9th Cir. 1990) (an order ______________ dismissing an involuntary bankruptcy petition is final and appealable despite pending counterclaim by debtor for damages -5- for bad faith in filing the petition; "[a]ny actual claim brought for damages is premature prior to dismissal of the petition"). Finally, the resolution of the abuse of process claim does not affect the merits of the final judgment. See ___ Budinich, 486 U.S. at 199. We therefore have jurisdiction ________ over this appeal. II. THE MERITS __ __________ A. The Motion to Amend. ___________________ A decision of the district court denying leave to amend under Fed. R. Civ. P. 15(a) is reviewed for abuse of discretion.2 See Colmenares Vivas v. Sun Alliance Ins. Co., ___ ________________ _____________________ 807 F.2d 1102, 1108 (1st Cir. 1986); Isaac v. Harvard Univ., _____ _____________ 769 F.2d 817, 829 (1st Cir. 1985); Carter v. Supermarkets ______ ____________ Gen. Corp., 684 F.2d 187, 192 (1st Cir. 1982). Rule 15(a) __________ provides that leave to amend "shall be freely given when justice so requires." Thus, if a court decides not to permit amendment, "it must do so for a valid reason such as bad faith by the moving party, unwarranted delay, or undue prejudice to the opposing party." Colmenares Vivas, 807 F.2d ________________ at 1108 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). _____ _____ Because there were essentially two separate requests in the ____________________ 2. Appellants mistakenly refer to Rule 15(d) in their brief. This rule, by its language, only applies to supplemental pleadings which contain averments of "events which have happened since the date of the pleading sought to be ___________________________________________________ supplemented." (emphasis added). The new averments in the ____________ third amended complaint refer to events which occurred prior _____ to the filing of the complaint. __ -6- motion under review, we will address them separately. 1. Motion to add the Ramon parties as new _____________________________________________ plaintiffs. In 1991, Ramon had filed a separate RICO action __________ in the district court. However, it was dismissed in 1992 for failure to comply with Fed. R. Civ. P. 9(b). The court held that the complaint did not identify any letters, or their senders, dates or contents. In support of the request to add the Ramon parties as plaintiffs in the Tous action, appellants point out that the order dismissing the Ramon complaint did not state whether it was with or without prejudice. From this, they argue that the dismissal must be construed as having been without prejudice to amend the complaint's "facial" deficiencies. As a result, they conclude that the district court erred in applying the doctrine of res judicata to bar the addition of the Ramon parties to the Tous action. We begin with Fed. R. Civ. P. 41(b): (b) Involuntary Dismissal: _______________________ Effect Thereof. For failure of ______________ the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a -7- party under Rule 19, operates as an adjudication upon the merits. A dismissal under Rule 41(b) for a plaintiff's failure to comply with the rules, unless the court otherwise provides, is with prejudice and on the merits. See LeBeau v. Taco ___ ______ ____ Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989) (dismissal for ___________ want of prosecution was on the merits and "with prejudice" where judgment did not "otherwise state"); Nagle v. Lee, 807 _____ ___ F.2d 435, 442-43 (5th Cir. 1987) (where judgment did not state whether it was without prejudice, Rule 41(b) requires court to treat dismissal as being with prejudice and on the merits). In Ramon's case the dismissal was for failure to comply with one of the Rules of Civil Procedure and not, as appellants argue, for lack of jurisdiction. Dismissals for violations of other rules in similar situations have been treated as being with prejudice and on the merits. See In re ___ _____ Reed, 861 F.2d 1381, 1382 (5th Cir. 1988) (dismissal under ____ Fed. R. Civ. P. 37(b)(2)(C) for failure to comply with discovery orders was with prejudice and, therefore, on the merits); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, _______ _________________________ 673 (9th Cir. 1981) (complaint which fails to comply with Fed. R. Civ. P. 8(a) and (e) may be dismissed with prejudice under Rule 41(b)). In this situation, "Rule 41(b) puts the burden on -8- the plaintiff to take action -- to persuade the district court either to specify that a dismissal is without prejudice, or to vacate the dismissal. Failing that, plaintiff's recourse is to appeal." LeBeau, 892 F.2d at 608; ______ see also In re Reed, 861 F.2d at 1383 (if a dismissal is ___ ____ __________ inequitable, recourse is to appeal or file a motion under Fed. R. Civ. P. 60(b)); 1B James W. Moore, Jo Desha Lucas & Thomas S. Currier, Moore's Federal Practice 0.409[1.-2], at ________________________ III-137, III-139 (2d ed. 1993) (plaintiff cannot ignore court's dismissal for failure to comply with Rules and just file a new action; plaintiff must make a timely motion to amend the judgment to state that it is without prejudice). As for the failure of the Ramon parties to file a motion to amend their complaint or a Fed. R. Civ. P. 60 motion for clarification concerning whether the judgment, in fact, was with or without prejudice, appellants assert that they chose not to act for "economic and time-saving" reasons. That is, because both complaints concerned the same pattern of racketeering by defendants, the two cases, they believed, should be filed jointly. This is not a valid excuse. Similarly unavailing is their assertion that the letters upon which Ramon's RICO claim was based were not found until after _____ the dismissal of the complaint. This statement is conclusory in nature and is not accompanied by supporting documents or affidavits. -9- Based on the foregoing, we conclude that the judgment dismissing the Ramon complaint was with prejudice and on the merits. Under federal law, which governs federal actions, res judicata bars a second action if (1) there was a final judgment on the merits in the earlier action, (2) there exists sufficient identity between the causes of action asserted in each suit, and (3) there is sufficient identity between the parties in the two actions. Gonzalez v. Banco ________ _____ Central Corp., No. 93-2021, slip op. at 6 (1st Cir. June 30, _____________ 1994).3 Plainly, the first requirement has been met as discussed, supra. Second, a comparison between the complaint _____ filed in the first action and the third amended complaint in the case at hand reveals that the RICO claims in both suits are identical. Indeed, appellants do not dispute this. Finally, the parties to the two actions also are identical. That is, the plaintiffs in both actions are Reynaldo Ramon, his wife, their conjugal partnership and Hermanos Ramon, Inc. and the defendants they are suing are Family Restaurant, Cuevas Cuevas, Cuevas Ramos, Elias Boneta and Jose Nazario ____________________ 3. Appellants attempt to argue that collateral estoppel rather than res judicata applies to their case. They cite Guzowski v. Hartman, 969 F.2d 211 (6th Cir. 1992), cert. ________ _______ _____ denied, 113 S. Ct. 978 (1993), in support of this contention. ______ In Guzowski, however, the order dismissing the first ________ complaint was without prejudice. Guzowski, therefore, is not _______ _________ ________ applicable to this case. -10- (and their spouses and conjugal partnerships).4 We therefore conclude that the Ramon parties were barred from relitigating their RICO claim. As a result, permitting them to join as plaintiffs in the third amended complaint ultimately would have led to their dismissal. "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." Correa-Martinez v. Arrillaga-Belendez, 903 _______________ __________________ F.2d 49, 59 (1st Cir. 1990). In such a situation, the denial of leave to amend is not an abuse of discretion. See id. ___ ___ 2. Motion to file the third amended complaint. In __________________________________________ certain circumstances, undue delay in filing a motion to amend can provide a basis for the denial of a proposed amendment.5 See Quaker State Oil Refining Corp. v. Garrity ___ ________________________________ _______ Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989) (two-year period _______ elapsed between filing of counterclaims and motion to add a fifth); Hayes v. New England Millwork Distributors, Inc., 602 _____ _______________________________________ ____________________ 4. The third amended complaint also lists as defendants Continental Supplies and Ortiz. Although they were not defendants in the Ramon case, a reading of the third amended complaint reveals that the Ramon plaintiffs are not asserting a claim against them. See Third Amended Complaint, 48-68 ___ (only referring to Fidelity National Leasing, Inc., Banco National and Family Restaurants as RICO "enterprises" whose affairs were conducted through a pattern of racketeering activity). 5. The position taken by Tous on appeal that the denial of leave to file the third amended complaint was based on Fed. R. Civ. P. 21 (misjoinder of parties) is not supported by the record. -11- F.2d 15, 19 (1st Cir. 1979) (two years between filing of complaint and motion to amend). In such cases, "courts have placed the burden upon the movant to show some `valid reason for his neglect and delay.'" Hayes, 602 F.2d at 19-20 _____ (citing Freeman v. Continental Gin Co., 381 F.2d 459, 469 _______ ____________________ (5th Cir. 1967)); see also Stepanischen v. Merchants Despatch ________ ____________ __________________ Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983). _____________ Here, Tous does not provide any reasons for his delay in requesting leave to file the third amended complaint. Indeed, it was not until some of the appellees filed a motion to dismiss in August 1992 -- almost two years after the filing of the initial complaint -- that Tous was prompted to request discovery on the Rule 9(b) issue. Further, the motion to amend was not filed until May 1993 -- almost nine months after the motion to dismiss was filed and over two years since Tous initiated the action. "We have held . . . that a late motion for summary judgment or dismissal may not in itself justify an excessive delay in moving to amend." Andrews v. Bechtel Power Corp., 780 F.2d _______ ___________________ 124, 139 (1st Cir. 1985), cert. denied, 476 U.S. 1172 (1986). ____________ Finally, although Tous proposed an interrogatory to Continental and Ortiz, there is no indication that the data he received from them, if any, could not have been discovered earlier. See First Nat'l Bank of Lousville v. Master Auto ___ ______________________________ ___________ Serv. Corp., 693 F.2d 308, 314 (4th Cir. 1982) (district ____________ -12- court's denial of motion to amend upheld where movant's amended claim was not premised on new information to which it previously had not had access). We therefore find that the district court did not abuse its discretion in denying the motion to amend. B. Dismissal of the Second Amended Complaint. _________________________________________ As the district court held, Rule 9(b) requires that a RICO plaintiff "must go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud." New England Data _________________ Services, Inc. v. Becher, 829 F.2d 286, 291 (1st Cir. 1987). _______________ ______ On appeal Tous only argues that the third amended complaint satisfies this standard; indeed, Tous concedes that the second amended complaint is defective under Becher. Thus, ______ for essentially the reasons stated in the district court's Opinion and Order, dated February 23, 1994, we agree with its decision that the second amended complaint did not comply with Rule 9(b). III. CONCLUSION ___ __________ The judgment of the district court is affirmed. ________ -13-