**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 05-30077
Summary Calendar

———————————————

DONALD STEWART,

Plaintiff-Appellant,

versus

COURTYARD MANAGEMENT CORPORATION, ET AL,

Defendants,

COURTYARD MANAGEMENT CORPORATION,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
(03-CV-2747)

———————————————————————

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

———————————

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Plaintiff-Appellant Donald Stewart ("Stewart") appeals from the district court's order granting Defendant-Appellee Courtyard Management Corporation"'s ("Courtyard") motion for summary judgment. Courtyard requests attorney fees pursuant to Federal Rule of Civil Procedure 38 and 28 U.S.C. § 1927. For the following reasons, we AFFIRM.

I.
FACTUAL AND PROCEDURAL BACKGROUND

Donald Stewart was an hourly employee of Courtyard. He worked as a front desk clerk for one of its hotels in New Orleans. Courtyard and Stewart had no employment contract.

Courtyard used the Loss Prevention Department of the New Orleans Marriott Hotel ("Loss Prevention") as its security service. On March 28, 2003, Wendell Johnson, a front desk clerk at a different Courtyard hotel, prepared a written statement admitting to her participation in a fraudulent credit card scheme, and naming Stewart as a party to the fraud. She claimed that she had been approached by a hotel guest and a Loss Prevention officer, who asked for her help in collecting the credit card information of other hotel guests. Johnson stated that these two men provided her and Stewart with a hand-held mechanical device that would allow her to retain this information via an inconspicuous swipe of guest credit cards at check-in.

Loss Prevention then questioned the officer implicated by Johnson. The officer admitted he knew about the credit card fraud scheme and prepared a written statement that also implicated Stewart.

Loss Prevention notified Latonia Bickham, Courtyard's Guest Care Manager, and Jay Dahlke, General Manager of the hotel where Stewart worked, of the situation. When Stewart arrived at the hotel for his night shift, Bickham and two Loss Prevention agents asked to speak with him privately.

They told Stewart they knew of the credit card fraud, and the fact that two other employees had attested to his involvement in it. In a written statement, Stewart denied any knowledge of the scheme. Bickham then placed Stewart on a three-day suspension pending investigation and review of the evidence by Dahlke.

Three days later, Stewart met with Bickham and Dahlke and again denied involvement in the credit card scheme. Dahlke terminated Stewart's employment based on the evidence recovered in the investigation up to that point. He presented Stewart with a disciplinary action sheet that described the credit card fraud scheme, which Stewart refused to sign. Stewart appealed his termination, but Courtyard denied the appeal.

At some time after Stewart's termination, Nina Casnave, who contacted Stewart whenever she needed reservations at the hotel, called asking for him about three times in March 2002. She asserts that someone who identified himself as an employee of the hotel stated that "Donald Stewart no longer worked there due to his involvement in fraud issues at the hotel."

Stewart sued Courtyard in Civil District Court for the Parish of Orleans for wrongful termination and defamation. Courtyard timely removed the suit to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction. The district court granted Courtyard's motion for summary judgment, and Stewart filed the instant appeal.

II.
STANDARD OF REVIEW

We review the grant of summary judgment de novo, applying the same legal standards as the district court applied to determine whether summary judgment was appropriate. *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003) (citing *Ramirez v. City of San Antonio*, 312

3

F.3d 178, 181 (5th Cir. 2002)). A district court's determination of state law is also reviewed de novo. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991). A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In a diversity case such as this one, federal courts must apply the choice of law rules of the forum state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Louisiana choice of law rules dictate that Louisiana substantive law governs our decision. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

III.
DISCUSSION
A. Wrongful Discharge

Stewart argues that, defendants "terminat[ed] an innocent employee under the guise of at-will employer defense. However, the exercise of otherwise valid right in bad faith at the detriment of another person is not favored in our jurisprudence." Brief of Appellant at 14. The argument continues by asserting that, "[e]ven though Louisiana is an at-will employment state, there are federal and state rules that regulate same[,]" and that if this court "found that this innocent plaintiff was terminated unjustly, then his termination would be a wrongful termination." *Id.* at 14-15.

Under Louisiana law, when a person is employed for an indefinite period of time, he is considered an employee at-will. *Gilbert v. Tulane Univ.*, 909 F.2d 124, 125 (5th Cir. 1990). "Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge."

4

*Robinson v. Healthworks Int'l., L.L.C.*, 36,802 (La. App. 2 Cir. 1/29/03); 837 So.2d 714, 721. In the case of ambiguity as to the nature of the employment, Louisiana courts have construed in favor of at-will employment. *Thorns v. Monroe City Sch. Bd.*, 542 So.2d 490, 492 (La. 1989). Accordingly, provided that the termination does not violate any statutory or constitutional provisions, employers will not be held liable. *Wallace v. Shreve Mem'l Library*, 95-30223 (La. App. 5th Cir. 3/20/96); 79 F.3d 427, 429.

Stewart has not asserted that he was employed under a contract. Absent an employment contract, Stewart was an at-will employee who could be dismissed at any time for any reason or for no reason. He cites no statutory or jurisprudential support for his assertion that, if we find he was "unjustly" terminated then his termination was "a wrongful termination."

Stewart's Petition for Damages alleges that (1) Courtyard employees questioned him about the credit card fraud scheme and accused him of participating in it, even though he denied knowledge about it; (2) after hours of questioning and accusation, he was escorted off the premises and told not to return until they contacted him; (3) three days later, Stewart was terminated; (4) Courtyard denied his appeal of the termination; and (5) Stewart has since been afraid to apply for another job because he believes Courtyard "will give negative false information."

Stewart has not alleged any statutory or constitutional violations and therefore has neither stated nor shown in this record a cause of action against Courtyard arising from this termination of an at-will employee. Accordingly, we find that the district court did not err by granting Courtyard's motion for summary judgment with respect to Stewart's wrongful discharge claim.

B. Defamation

5

It is arguable whether Stewart's petition alleges a cause of action for defamation. Stewart's assertion that an unidentified Courtyard employee told Nina Casnave that Stewart was no longer employed there due to his involvement in credit card fraud and theft, and Casnave's written affidavit which states that a Courtyard employee informed her of Stewart's termination "due to his involvement in fraud issues at the hotel" constitute the sole support for Stewart's defamation argument.

Louisiana law places the burden on a plaintiff suing for defamation to prove five elements: (1) defamatory words, (2) publication, (3) falsity, (4) malice (actual or implied) and, (5) resulting injury.

*Landry v. Duncan*, 04-1432 (La. App. 5 Cir. 4/26/05); 902 So.2d 1098, 1103. "Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation." *Costello v. Hardy*, 2003-1146 (La. 1/21/04); 864 So.2d 129, 143. Because of the circumstances surrounding Courtyard's investigation of the fraudulent credit card scheme and the fact that other employees had implicated Stewart in this scheme, Courtyard did have a reasonable basis for belief in the truth of the unidentified employee's statement to Casnave. Thus the malice prong of Louisiana's defamation claim is not met. The district correctly granted Courtyard's motion for summary judgment on Stewart's defamation claim.

### C. Sanctions

In its Motion for Sanctions Against Appellant's Counsel for Frivolous Appeal filed with this court pursuant to 28 U.S.C. § 1927 and Federal Rule of Appellate Procedure 38, Courtyard asserts that this summary judgment record contains abundant and uncontroverted evidence that Stewart's claims are completely without merit. Courtyard asserts that the documents filed in support of its summary judgment motion show that Stewart was an at-will employee and that the alleged

6

defamatory statement was true, made in good faith, and not published to any third party. Courtyard further asserts that nothing in the record rebuts this showing. Moreover, Courtyard emphasizes that there is no factual basis and no statutory or jurisprudential support for the statements and argument made in Stewart's appellate brief. Therefore, Courtyard asserts, appeal of the district court's decision is frivolous. We agree that this is a frivolous appeal.

Courts of Appeals may award an appellee damages, including attorney's fees and single or double costs, when an appeal is frivolous. *Caldwell v. Palmetto State Sav. Bank of S. C.*, 811 F.2d 916, 919 (5th Cir. 1987) (citing 28 U.S.C. § 1912; Fed. R. App. P. 38). An appeal is frivolous "if the result is obvious or the arguments of error are wholly without merit." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 348 (5th Cir. 1990) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1034 (5th Cir.1990)). Federal Rule of Appellate Procedure 38 provides that once it is determined that an appeal is frivolous, the court "may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." This court imposes Rule 38 sanctions only "when the claim advanced is unreasonable, or it is not brought with a reasonable good faith belief that it is justified." *Stelly v. Comm'r of Internal Revenue*, 761 F.2d 1113, 1116 (5th Cir.1985).

Under 28 U.S.C. § 1927, federal courts can assess costs and attorney's fees against a party's attorney who has unreasonably multiplied the proceedings in a case. *Caldwell*, 811 F.2d at 919. "All that is required to support §1927 sanctions is a determination . . . that an attorney multiplied proceedings in a case in an unreasonable manner." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002).

Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under § 1927. First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927.

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Proving that a counsel's behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Temple v. Am. Airlines, Inc.*, 48 Fed. Appx. 480 (5th Cir. 2002) (quoting *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1992); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (quoting *Edwards*, 153 F.3d at 246)).

The court may require an attorney who "unreasonably" and "vexatiously" multiplies a case's proceeding "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because o f such conduct. 28 U.S.C. § 1927. Section 1927 only authorizes shifting fees that are associated with the persistent prosecution of a meritless claim." *Procter & Gamble*, 280 F.3d at 525 (quoting *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991)).

To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial.

*Procter & Gamble*, 280 F.3d at 526 (citations omitted).

Courtyard's motion for sanctions points out acts and omissions before the district court by Stewart's attorney in support of its request that Stewart's attorney be sanctioned for pursuing the instant appeal. But it is the failure of Stewart's counsel to provide this court with even arguably viable

8

arguments that have *some* factual basis of record and *some* statutory or jurisprudential support that makes this appeal frivolous.

Stewart's appellate brief does not pose even one remotely plausible argument. The brief contends that witness statements were made under duress, and alleges that Courtyard attempted to "get rid of their experienced high paid employees as a matter of economic convenience." The brief suggests that these alleged but uncorroborated circumstances render his termination "unjust" and that, if unjust, his termination could be found wrongful by this court. Yet these contentions and suggestions, like all the arguments in this brief, tend to neither prove nor disprove the prima facie elements of Stewart's  wrongful discharge and defamation claims. Therefore, even if Stewart had presented evidence to support these contentions there would be no error in the district court's grant of summary judgment against him. Stewart's counsel has advanced claims before this court that are neither grounded in a factual basis of record nor plausible in light of existing law. *Cf. Matter of Reed*, 861 F.2d 1381, 1383 (5th Cir. 1988) ("Counsel's appellate claims do not advance propositions well-grounded in fact nor are they warranted by existing law or any plausible good faith argument for the extension, modification or reversal of existing law").[1]

Nevertheless, Courtyard has not pointed toward any evidence of bad faith, improper motive, or reckless disregard of the duty owed to this court. This appeal is meritless and frivolous (as these two terms are not synonymous). But it presents neither the persistent prosecution of a meritless claim

---

[1] *See also*, *Zick v. Verson  Allsteel Press Co.*, 623 F. Supp. 927, 932-33 (D.C. Ill. 1985), where the court noted that the plaintiff might have had a good faith argument if made in state court because, though unlikely and highly remote, there was a possibility the argument might persuade the state court to extend, modify, or reverse  existing law. The *Zick* court concluded that "[a]rguments that might have persuaded [the state court] simply cannot be accepted here," because the federal court is bound to follow, not lead, state court jurisprudence. *Zick*, 623 F. Supp. at 932-33.

or the bad faith, improper motive, nor reckless disregard necessary for a finding that counsel for Stewart has vexatiously and unreasonably multiplied the proceedings by filing this appeal. Although the brief prepared by counsel for the appellant provides only meritless arguments unsupported by law, we do not find sufficient evidence to impose 28 U.S.C. § 1927 personal sanctions against him.

Courtyard's motion for sanctions against Stewart's attorney asserts that it has had to defend this appeal at considerable expense and seeks an award of reasonable attorneys fees and costs in defending this appeal. Courtyard does not seek sanctions against Stewart, and we decline to exercise our discretion to assess against Stewart the attorneys fees and costs that Courtyard seeks to recover from Stewart's counsel. For these reasons, Courtyard's motion for sanctions is denied.

III.
CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment for Courtyard against Stewart.