**Raymond J. DONOVAN, Secretary of the United States Department of Labor, Plaintiff,**

v.

**Joseph P. MAZZOLA, et al., Defendants.**

**No. C 79–134 SAW.**

United States District Court, N.D. California.

Dec. 26, 1984.

---

**120**

Francis X. Lilly, Robert N. Eccles, Norman P. Goldberg, Sherwin Kaplan, Thomas L. Holzman, U.S. Dept. of Labor, Office of the Sol. of Labor, Plan Benefits Sec. Div., Washington, D.C., Daniel Teehan, Regional Sol., Sandra K. Rogers, U.S. Dept. of Labor, Office of the Sol., San Francisco, Cal., for plaintiff.

Joseph L. Alioto, Alioto & Alioto, Albert Brundage, San Francisco, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEIGEL, Senior District Judge.

This matter was duly heard on December 13, 1984, pursuant to the Temporary Restraining Order and Order to Show Cause issued by the Court on December 4, 1984. Having carefully considered the pleadings, declarations, memoranda, argument of counsel and the entire record, the Court makes the following findings of fact and conclusions of law:

1. On November 17, 1981, the Court found that defendants, current and former trustees of defendant U.A. Local 38 Pension Trust Fund (Pension Fund), including union-appointed trustees Joseph P. Mazzola, Lawrence J. Mazzola, Fred Castro, V.J. Kazarian, Raymond Springer, Robert J. Costello and William Jennings, breached their fiduciary obligations with respect to the Pension Fund in violation of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B), (C) and § 1106(b)(2).

2. On July 6, 1982, the Court ordered said defendant trustees to make restitution to the Pension Fund for losses due to their breaches of fiduciary obligations and to post a cash or corporate surety bond to insure the Pension Fund against other such losses.

3. After defendant trustees failed to comply with said order, each was held in contempt of Court and fined. See 716 F.2d 1226.

4. The contempt fines for the union-appointed trustees were paid by Local 38 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (Local 38).

5. On May 29, 1984, the Court ordered defendant trustees to make restitution in the amount of $126,910.61 to the Pension Fund. Said amount had been expended by the Pension Fund to pay for legal services in defense of defendant trustees' misconduct. The Court expressly found "that the conduct of the individual defendants which

was the subject of this action was detrimental to and in no way furthered the legitimate interests of the plan's participants and beneficiaries nor was it in the interest of any sponsoring union or management association or the membership thereof."

6. The Court further found that "any reimbursement of the judgment of restitution [of legal fees] by any labor organization subject to the Labor-Management Reporting & Disclosure Act of 1959, whether or not authorized by the general membership, would violate the provisions of § 501 of that Act." Defendant trustees were permenently enjoined from receiving any reimbursement, either direct or indirect, of the judgment of restitution of legal fees from any labor organization subject to the Labor-Management Reporting and Disclosure Act of 1959.

7. By letter dated November 19, 1984, signed by defendant Joseph P. Mazzola, the membership of Local 38 was informed that at a regular membership meeting to be held on December 5, 1984, the membership would be asked to approve a recommendation of the Executive Board of Local 38 "that the union pay the amount of such restitution liabilities levied by the Court on the Labor Trustees, excluding legal fees."

8. At a hearing held on December 4, 1984, the Court temporarily restrained defendant individual trustees "from receiving any reimbursement, either direct or indirect, of any expense incurred by them in connection with this lawsuit, including repayment to them of any amounts paid by them as restitution for their fiduciary breaches as specifically described in this Court's findings of November 17, 1981 and Judgment of July 6, 1982, from any labor organization subject to the Labor-Management Reporting and Disclosure Act of 1959."

9. At a meeting held on December 5, 1984, the membership of Local 38 approved a resolution that but for the December 4, 1984, temporary restraining order said union would be authorized by those attending the meeting to "pay the restitution liabilities for the Labor Trustees".

10. The conduct of the individual defendants which the Court has previously found to violate ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (C) and § 1106(b)(2), was detrimental to and in no way furthered the legitimate interests of the Pension Fund's participants and beneficiaries nor was it in the interest of any sponsoring labor organization or management association or the membership thereof.

11. Because said conduct did not benefit any sponsoring labor organization, any reimbursement to defendant trustees for the judgment of restitution by any labor organization subject to the Labor-Management Reporting and Disclosure Act of 1959, whether or not such reimbursement were authorized by the general membership of such organization, would violate the provisions of § 501(a) of that Act. *See Morrissey v. Segal*, 526 F.2d 121, 126–27 (2d Cir.1975); *Kerr v. Shanks*, 466 F.2d 1271, 1277 (9th Cir.1972). The Court therefore exercises its equitable power to prevent defendants from violating federal law in the course of satisfying the Court's judgment of restitution. *See United States v. Coca-Cola Bottling Co.*, 575 F.2d 222, 278 (9th Cir.), *cert. denied*, 439 U.S. 959, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978); *see also Federal Trade Comm'n v. Ruberoid*, 343 U.S. 470, 473, 72 S.Ct. 800, 803, 96 L.Ed. 1081 (1952).

12. Because no union officer or union body can authorize an illegal expenditure, *see United States v. Boyle*, 482 F.2d 755, 764 (D.C.Cir.), *cert. denied*, 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483 (1973), the Court need not and does not rule on the completeness or fairness of defendant trustees' disclosures to union members. Nor need the Court rule on any of the other factual issues defendants have sought to raise.

13. The parties stipulated that pursuant to Fed.R.Civ.P. 65(a)(2), the Court should consolidate the hearing for preliminary in-

junction with the trial of the matter on the merits. Therefore, the Court issues a permanent injunction.

## PERMANENT INJUNCTION

In accordance with the Findings of Fact and Conclusions of Law filed on December 26, 1984, IT IS HEREBY ORDERED that:

(1) Defendants Joseph P. Mazzola, Robert E. Buckley, Robert J. Costello, William Spencer, William Jennings, D.E. Dehnert, V.J. Kazarian, Keith Hansen, Lawrence J. Mazzola, H.J. Riboni, Raymond Springer, Stewart Smith, Fred Castro and James Emmons are permanently enjoined from receiving any reimbursement, either direct or indirect, of any expense incurred by them in connection with this lawsuit, including any amounts paid by them as restitution for their breaches of fiduciary obligations as specifically described in the Court's findings of November 17, 1981 and Judgment of July 6, 1982, from any labor organization subject to the Labor-Management Reporting and Disclosure Act of 1959 and/or from any fund subject to the Employee Retirement Income Security Act of 1974.

(2) Said defendants shall provide a copy of this Permanent Injunction and a copy of the underlying Findings of Fact and Conclusions of Law to each member and officer of Local 38 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada attending any meeting of said union held for the purpose of considering, directly or indirectly, the restitution referred to in this order.

(3) No person who has notice of this injunction shall fail to comply with its letter and spirit nor shall any person subvert its letter and spirit by any sham, indirection, or other artifice.