David CALDWELL, etc. and James C. Harvey, Plaintiffs-Appellants,

v.

PALMETTO STATE SAVINGS BANK OF SOUTH CAROLINA, etc., et al., Defendants-Appellees.

No. 86–1712

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 9, 1987.

---

Philip R. Russ, Amarillo, Tex., for plaintiffs-appellants.

Morris Harrell, Rain, Harrell, Emery, Young & Doke, Jody L. McPherson, Dallas, Tex., for Altman, Price & Walker.

David M. Pruessner, Mark M. Petzinger, Dallas, Tex., Boyd, Knowlton, Tate & Finlay, Walter W. Theus, Jr., Columbia, S.C., for Palmetto, Service Corp. and Hutchins.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

The plaintiffs, David Caldwell and James C. Harvey, appeal the district court's dismissal of their claims due to lack of personal jurisdiction over the defendants, Palmetto Savings Bank of South Carolina, Service Corporation of South Carolina, Guy S. Hutchins, Jr., Mackie Altman, R.D. Price, and C.W. Walker. We affirm.

## I. Background

Caldwell and Harvey, residents of Texas, contracted to purchase the assets of a South Carolina general partnership, the Georgetown Shrimp Company. To finance the purchase, the plaintiffs borrowed $350,000 from the Palmetto State Savings Bank of South Carolina. The plaintiffs brought suit in the United States District Court for the Northern District of Texas, asserting the parties to the sale transaction and the loan violated the Bank Holding Company Act and the Racketeer Influenced and Corrupt Organizations Act (RICO), breached the contract, breached their fiduciary duties, and committed negligence and fraud.

The defendants moved for dismissal under Federal Rule of Civil Procedure 12(b) due to lack of personal jurisdiction and improper venue. They asked in the alternative for transfer of the case to the district court for South Carolina.

The defendants submitted affidavits stating they did not reside in Texas, had never done business or solicited business in Texas, did not own property in Texas, and the transactions that gave rise to this litigation took place exclusively in South Carolina.

The district court granted the plaintiffs two extensions of time in which to respond to the motion to dismiss. Nonetheless, the best the plaintiffs could do was to assert that the district court had *subject matter* jurisdiction due to diversity and the RICO statute. The plaintiffs' supporting affidavits did not assert any facts connecting the defendants with Texas and made no attempt to refute the facts stated in the defendants' affidavits. Even in their appeal to this court the plaintiffs continue to assert that diversity is a sufficient basis for the court's jurisdiction. In their Reply Brief the plaintiffs assert for the first time that the defendants had some contact with Texas based on a letter mailed to the plaintiffs in Texas, which described the proposed terms of the loan, and that the RICO statute provides the court with in personam jurisdiction.[1]

## II. Jurisdiction

When a challenge is made to the court's in personam jurisdiction, the plaintiff has the burden of making a prima facie case by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983). Conflicts in the facts alleged by the parties must be resolved in the plaintiff's favor. *Id.*

1. We consider these arguments even though they are raised for the first time on appeal because they can be decided as a matter of law based on undisputed facts.

In this case the plaintiffs failed even to allege facts to establish personal jurisdiction. They apparently did not recognize the difference between in personam jurisdiction and subject matter jurisdiction, or the fact that both types of jurisdiction are required. *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2180, 85 L.Ed.2d 528 (1985); *Duplantier v. United States,* 606 F.2d 654, 663 (5th Cir. 1979), *cert. denied,* 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 798 (1981); *Club Assistance Program, Inc. v. Zukerman,* 594 F.Supp. 341, 344 (N.D.Ill.1984) (personal jurisdiction must be established in RICO case).

■ In the entire record the only indication of a contact between the defendants and Texas is the letter sent from the defendants in South Carolina to the plaintiffs in Texas. This letter is not enough to meet the constitutional requirement that a defendant purposefully avail himself of the benefits of the forum before he is haled into court there. *Burger King,* 105 S.Ct. at 2182–83. A court does not acquire jurisdiction over a defendant as the result of unilateral activities by another person. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

This case is unlike *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) in which the solicitation of a single insured was sufficient to establish personal jurisdiction over the defendant insurer. The undisputed facts in this case show that the plaintiffs solicited the transactions. They went to the defendants in South Carolina, rather than being sought out by the defendants. The district court's findings that the defendants had no business dealings in Texas and owned no property there, are based on undisputed facts and are not clearly erroneous. The district court's determination that the plaintiffs failed to establish a prima facie case of jurisdiction is correct as a matter of law.

■ The plaintiffs also assert the district court had personal jurisdiction because the RICO statute provides for nationwide service of process.[2] 18 U.S.C. § 1965. However, the plaintiffs fail to address the language in § 1965(a) that provides a civil action may be instituted where a defendant "resides, is found, has an agent, or transacts his affairs." A number of district courts have held that this language requires that a defendant be conducting business in the forum. *E.g., Miller Brewing Co. v. Landau,* 616 F.Supp. 1285, 1288 (D.C.Wis.1985); *Donovan v. Mazzola,* 606 F.Supp. 119 (D.C.Cal.1984); *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1133 (D.Mass.1982).

The undisputed facts in this case establish that the defendants did not conduct business in Texas. Their letter to the plaintiffs and the plaintiffs' response, is not sufficient to meet the statutory requirement. The RICO statute does not provide a basis for in personam jurisdiction in this case.

2. § 1965. Venue and process

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

(c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.

(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

### III. Transfer

The plaintiffs assert the district court should have transferred the case to South Carolina rather than dismissing it. The plaintiffs did not move for a transfer. Under the transfer statute, a district court may transfer a case upon a motion or sua sponte. 28 U.S.C. § 1404 and § 1406. The district court has broad discretion in deciding whether to order a transfer. *Stabler v. New York Times, Co.*, 569 F.Supp. 1131, 1137 (S.D.Tex.1983); *Tim W. Koerner & Assoc., Inc. v. Aspen Labs, Inc.*, 492 F.Supp. 294, 299 (S.D.Tex.1980), *aff'd*, 683 F.2d 416 (5th Cir.1982).

Although it was within the district court's discretion to transfer this case to South Carolina, the district court did not abuse its discretion by not transferring the case sua sponte. In this case the interests of justice may be best served by requiring the plaintiffs to begin at the beginning in the proper forum.

### IV. Sanctions

The defendants assert that the plaintiffs' appeal is frivolous. They further assert that the appeal and the case itself are tactics to delay collection of a judgment against the plaintiffs which the defendants obtained in South Carolina state court. They point to the plaintiffs' repeated requests for extensions of time in which to file briefs on the most basic legal issues, as evidence of an intent to delay this litigation.

A frivolous appeal is one that "involves legal points not arguable on their merits." *Olympia Co., Inc. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985); *Hagerty v. Succession of Clement*, 749 F.2d 217, 221–22 (5th Cir.1984), *cert. denied*, — U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985). Courts of Appeals may award an appellee damages, including attorney's fees and single or double costs, when an appeal is frivolous. 28 U.S.C. § 1912; Fed.R.App.P. 38.

This appeal is frivolous and damages are appropriate. The plaintiffs have presented arguments to this court that are completely meritless, even on that most fundamental of legal principles, jurisdiction. Given that the plaintiffs are themselves attorneys and are represented by an attorney, we see no excuse for their presentation of arguments that are clearly wrong.

Under 28 U.S.C. § 1927, courts of the United States can assess costs and attorney's fees against a party's attorney who has unreasonably multiplied the proceedings in a case. We assess the defendants' reasonable attorneys' fees and expenses incurred on this appeal and all costs of the appeal jointly against the plaintiffs and their attorney, Philip R. Russ of Amarillo, Texas. We remand this case to the district court to determine the amount of such reasonable attorneys' fees and expenses.

### Conclusion

We affirm the judgment of the district court and remand for a determination of the amount of fees and expenses to be assessed against the plaintiffs and their attorney.

AFFIRMED and REMANDED.