**TANDY CORPORATION**

v.

**COMUS INTERNATIONAL, INC.**

**Civ. A. No. 4–87–118–E.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 5, 1987.

William L. Martin, Jr. and Herschel C. Winn, Tandy Corp., Fort Worth, Tex., for Tandy Corp.

Jerry R. Selinger, Martha E. Waters, Baker, Smith & Mills, Dallas, Tex., for Comus Intern., Inc.

## MEMORANDUM AND ORDER

MAHON, District Judge.

The Defendant, Comus International, has moved to dismiss this action for lack of jurisdiction or venue, or alternatively, to transfer to the United States District Court for the District of New Jersey. The Court has examined the briefs, affidavits, and pleadings of both parties and determined that this motion is ripe for resolution.

Comus International ("Comus") is the assignee of U.S. Patent No. 4,564,728 ("'728"). Plaintiff, Tandy Corporation ("Tandy"), has brought this declaratory judgment action to have Patent '728 declared invalid and seeks to enjoin Comus from instituting any further proceedings. Comus has brought an action for patent infringement in the United States District Court for the District of New Jersey. Although Tandy's action in this District was filed five days before Comus' New Jersey action, service was made on the same day

for both. Comus had no notice of Tandy's action prior to being served.

Comus is a New Jersey corporation and has its primary business location there. It has no business office, nor is it licensed to do business in Texas. Comus manufactures mercury switches. These switches are sold to companies who place them in equipment which is sold to the general public. Comus' only connection with the State of Texas is the sale of these mercury switches to two Texas customers. Tandy is one of these customers and receives approximately 3,000 switches per month. The switches are delivered to a Tandy repackaging facility located in Fort Worth, Texas. Comus' other Texas customer receives approximately 3,000–5,000 switches per year.

It is important to note that the mercury switches manufactured by Comus are not the subject matter of either the Texas or New Jersey lawsuits. Tandy submits this information only to support its averment that jurisdiction and venue properly lie in the Northern District of Texas.

This lawsuit involves the rights to sell a telephone line tester which does not include a mercury switch of any sort. Patent '728 covers an apparatus for testing telephone lines. The patent is owned by Comus, but Comus does not manufacture or sell the product. Patent '728 has been licensed, and the licensees of this patent distribute the product directly to the public. None of the licensees are in the State of Texas, nor are they subsidiaries or affiliates of Comus.

Tandy is a Delaware Corporation and does business in Texas through its primary headquarters located in Fort Worth, Texas. Tandy is a large corporation having approximately 6,000 Radio Shack outlets throughout the United States. Two-hundred-and-ten (210) of these outlets are within the State of New Jersey. Comus, on the other hand, is a relatively small corporation having only one business and one manufacturing location. Both are in the State of New Jersey.

Allegedly, Tandy has telephone line testing devices manufactured by a Korean corporation and sells this product in its Radio Shack outlets under the tradename "Archer." In the New Jersey action, Comus contends that the production, use, and sale of the Archer telephone line tester infringes upon its Patent '728. Here, in the Texas suit, Tandy asserts that Comus' Patent '728 is invalid and accordingly seeks a declaratory judgment to that effect.

*The Jurisdictional Dispute*

█ Comus contends that it does not maintain sufficient "minimum contacts" with the State of Texas to subject it to the jurisdiction of this Court. Even when a plaintiff invokes federal question jurisdiction and serves process under a state long-arm statute, two conditions must be satisfied to permit jurisdiction over a nonresident defendant served out of state: (1) the nonresident defendant must be amenable to service of process under the Texas long-arm statute; and, (2) the exercise of jurisdiction under Texas law must be consistent with due process. *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985). The Texas long-arm statute has been interpreted to extend to the limits of due process. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir.1986). Thus, this Court's inquiry is limited to whether the exercise of jurisdiction over Comus comports with the due process requirement of the Fourteenth Amendment.

█ *In personam* jurisdiction may be asserted on two different grounds. If a corporation engages in "continuous and systematic general business" activities in a state, then the state may exercise "general" jurisdiction over it. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). When a state has general jurisdiction over a corporation, its courts have power to adjudicate suits in which the corporation is involved even if there is no relationship between the cause of action and the defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872. Alternatively, if general jurisdiction is lacking, but the cause of action arises out of or is related to the

defendant's contacts with the forum, the forum may exercise "specific" jurisdiction, *Helicopteros,* 466 U.S. at 414 n. 8, 104 S.Ct. at 1872 n. 8; that is, jurisdiction limited to adjudication of the particular controversy.

 The only activity in which Comus allegedly engages in within the State of Texas is the sale of mercury switches to Tandy and another Texas purchaser. This suit involves the validity of a patent for a telephone line testing device. The mercury switches sold by Comus in Texas have no connection to the telephone testing device in issue here. Since Comus' contacts with the forum state are not related to this particular controversy, the Court concludes that it cannot exercise "specific" *in personam* jurisdiction. Having concluded that insufficient contacts exist between Texas, Comus, and the instant controversy to support an exercise of specific jurisdiction, the Court must next consider whether an exercise of general jurisdiction is proper. To do so requires the Court to examine the nature of Comus' contacts with Texas to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process. *See Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872.

Two recent decisions rendered by the Fifth Circuit Court of Appeals have considered the contacts necessary for a district court to invoke its general jurisdiction. In *Petroleum Helicopters, Inc. v. Avco Corp.,* 804 F.2d 1367 (5th Cir.1986), the plaintiff sued a California manufacturer of an aerospace device described as a "helicopter float" in the United States District Court for the Western District of Louisiana. The defendant-manufacturer, Garrett Corporation, supplied helicopter floatation devices from a New Jersey plant. *Id.* at 1368. Garrett sold helicopter floats to a Texas helicopter manufacturer. A helicopter, bought by the plaintiff, a Louisiana company, from the Texas manufacturer sank in coastal waters off Louisiana shores. The plaintiff alleged that the floatation devices

sold by Garrett in New Jersey to the Texas manufacturer were defective. Garrett sold floats directly to the plaintiff costing about $7,000 and sold other Louisiana customers $14,000 in floats. *Id.* at 1369. Garrett also conducted a substantial amount of other business in Louisiana. Its Louisiana sales averaged $1.75 million between 1980 and 1983. A Garrett account executive traveled to Louisiana monthly to discuss equipment usage with Garrett's customers. Garrett representatives trained the users of Garrett products in Louisiana. Semi-annually, Garrett dispatched a mobile van to Louisiana to service its products. Garrett mailed promotional materials directly to customers in Louisiana and advertised in several national trade publications distributed in Louisiana. Despite the scope of these contacts, the Court of Appeals found that Garrett's activities in Louisiana did not establish general jurisdiction.[1] *Id.* at 1370.

Conversely, the Fifth Circuit Court of Appeals found general jurisdiction to exist in *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773 (5th Cir.1986). The plaintiff, Holt Oil & Gas, was a Texas corporation with its principal place of business in Dallas. *Id.* at 776. The defendant, Ralph Harvey, was an Oklahoma resident who invested in oil and gas drilling ventures. Holt brought an action against Harvey in the United States District Court for the Northern District of Texas seeking to recover an unpaid share of expenses for an oil and gas drilling venture. Harvey entered into a contract with Holt, a Texas corporation; sent a final revised joint operating agreement from Oklahoma to Texas; mailed three checks from Oklahoma to Texas in partial performance of its contractual obligations; and, engaged in extensive telephonic and written communication with Holt. *Id.* at 777–78. While the Fifth Circuit found that these limited contacts were insufficient to support the exercise of specific jurisdiction, *Holt Oil & Gas,* 801 F.2d at 778, the Court held that other contacts Harvey had with the State of Texas would support the exer-

---

1. The Court of Appeals did go on to determine that, although general jurisdiction was lacking, the plaintiff's cause of action was sufficiently related to Garrett's activities in Louisiana to support the exercise of specific *in personam* jurisdiction. *Petroleum Helicopters, Inc. v. Avco Corp.,* 804 F.2d 1367, 1370–71 (5th Cir.1986).

cise of general jurisdiction. *Id.* at 779–80. Harvey attended college and was at one time employed in Texas; Harvey owned real property in Texas; and, Harvey frequently traveled to Texas to visit his children and for recreation. *Id.* at 779. Harvey transacted a great deal of business in Texas. He had extensive business dealings with a Dallas record company in which he invested heavily and on whose board of directors he served. Harvey was the sole shareholder of an oil company which had drilled several wells in Texas and had been involved in litigation in Texas. Harvey traveled to Texas on several occasions in connection with these activities. The Court held that while none of these various contacts alone would support an exercise of general jurisdiction, Harvey's contacts *in toto* were sufficient to constitute the kind of continuous and systematic contacts due process requires. The Court concluded that Harvey had sufficient minimum contacts to support the exercise of general *in personam* jurisdiction. *Id.* at 779.

In the instant controversy, Comus' contact with the State of Texas pales in comparison to the contacts required in both *Petroleum Helicopters* and *Holt Oil & Gas* to support the exercise of general jurisdiction. The record before this Court reveals only Comus' sales of mercury switches to Tandy and one other Texas customer. The sales of these mercury switches are in no way connected with this lawsuit. Comus is not licensed to do business in the State of Texas. It maintains no business office in Texas; nor, does it maintain any bank accounts, phone listings, sales force, or even a single sales person. Comus' salesmen do not periodically enter Texas for the purpose of soliciting orders. Comus does not lease or own Texas property. The rather limited advertising done by Comus takes the form of listings in national registers, which in no way are specifically directed to customers in the State of Texas.

When a challenge is made to a district court's *in personam* jurisdiction, the plaintiff has the burden of making a prima facie case by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over nonresident defendants. *Caldwell v. Palmetto State Savings Bank of South Carolina,* 811 F.2d 916, 917 (5th Cir.1987). In this case, the Plaintiff, Tandy Corporation, has failed to allege facts to establish even a prima facie case of general *in personam* jurisdiction. In the face of Comus' assertion that its contacts with Texas are quite limited, Tandy responds only with the statement that "proof of minimum contacts here [in Texas are] adequate" and further alleges that Comus is attempting to enforce a plainly invalid patent. Tandy, however, provides no support or evidence for these positions.

On the facts of the present case, Defendant Comus has engaged in none of the contacts usually required as the minimum sufficient to support "general" jurisdiction over the person. In regard to Comus' contacts that relate to the subject matter of this controversy, no evidence has been submitted to establish sufficient contacts between "the defendant, the forum, and the litigation" which would enable this Court to exercise "specific" *in personam* jurisdiction. *See Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872.

### Order

Having carefully considered all submissions in this matter, the Court finds *in personam* jurisdiction over the Defendant-Comus lacking in this district. Accordingly, the Court ORDERS this matter transferred to the United States District Court for the District of New Jersey for possible consolidation with Civil Action No. 87–591 (MBT), pursuant to Title 28, section 1631 of the United States Code.