**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Yolanda Sotelo OZUNA, Plaintiff,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION; et al., Defendants.**

**Maria Isabel BOCANEGRA, Plaintiff,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION; et al., Defendants.**

MDL No. 1038.
Nos. 1:95CV5062, 1:95CV5061.

United States District Court,
E.D. Texas,
Beaumont Division.

May 12, 1995.

Frank Herrera, Jr., of Law offices of Frank Herrera, for plaintiff in No. 1:94CV5061.

John W. Vardaman, F. Lane Heard III, of Williams and Connolly, for defendant.

Frank Herrera, Jr. and Adam Poncio, of Law offices of Frank Herrera, for plaintiff in No. 1:94CV5062.

## ORDER DENYING HUHTAMÄKI OY, LEIRAS OY, LEIRAS PHARMACEUTICALS, INC., DOW CORNING FRANCE, AND WYETH–AYERST INTERNATIONAL, INC.'S MOTION TO DISMISS

SCHELL, Chief Judge.

Before this court is the motion of Defendants Huhtamäki Oy ("Huhtamäki"), Leiras Oy, Leiras Pharmaceuticals, Inc. ("Leiras Pharmaceuticals"), Dow Corning France ("Dow"), and Wyeth–Ayerst International, Inc. ("Wyeth") to dismiss for lack of personal jurisdiction. Additionally, the movants filed the declarations of Juha Salonen, Silva Norkela, Ian Thackwray, Hannu Allonen, and Peter J. Angelakos pursuant to 28 U.S.C. § 1746 in support of their motion. Plaintiffs did not file a response. Upon consideration of the motion, declarations, and attached memoranda of law, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

The Plaintiffs' Original Complaints are nearly identical. According to both Plaintiffs' Original Complaints, Plaintiffs are suing various companies for injuries allegedly arising from implantation of the Norplant contraceptive system into their arms, including claims for negligence, strict products liability, violation of the Texas Deceptive Trade Practices Act, breach of express warranty, and breach of implied warranty of fitness for a particular purpose.

Huhtamäki, a Finnish corporation with its principal place of business in Helsinki, Finland, is the parent company of the defendant Leiras Oy.[1] Huhtamäki's apparent connection to Norplant is that Leiras Oy's predecessor was a business unit of Huhtamäki which assembled Norplant in Finland.[2]

Leiras Oy is a Finnish company with its principal place of business in Turku, Finland.[3] Leiras Oy assembles Norplant in Finland and ships the capsules to Wyeth–Ayerst in the United States.[4]

Leiras Pharmaceuticals is a Delaware corporation with its sole place of business in Reston, Virginia.[5] Leiras Pharmaceuticals has had no involvement with the assembly, marketing, or distribution of Norplant in the United States.[6] Leiras Pharmaceuticals assists Leiras Oy with regulatory compliance and clinical affairs and provides Leiras Oy with information concerning Food and Drug Administration requirements.[7]

Dow is organized under French law and has its principal place of business in Valbonne, France.[8] Dow's connection to Norplant is that, since sometime in the 1980s, Dow supplied Leiras with Silastic tubing and Silastic Medical Adhesive A, both of which are used in the assembly of Norplant capsules.[9]

Wyeth, a New York corporation with its principal place of business in Pennsylvania, is a wholly-owned subsidiary of the defendant American Home Products Corporation.[10] Wyeth's only apparent connection to this lawsuit is that in 1991, for a period of three months, it took title to levonorgestrel, a component of Norplant, from its producer, a German company, and transferred that title to the manufacturer of Norplant, Huhtamäki Leiras Oy.[11] This transfer of title took place in The Netherlands.[12]

## DISCUSSION

"Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the non-resident defendant sufficient to invoke the jurisdiction of the court." *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989) (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985)). To satisfy this burden, a plaintiff must make a prima facie showing of personal jurisdiction. *Id.* A prima facie case may be established "by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 917 (5th Cir.1987) (per curiam) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983)).

1. Salonen Decl. ¶¶ 1, 13.

2. *Id.* ¶ 13.

3. Norkela Decl. ¶ 1.

4. *Id.* ¶¶ 14, 15.

5. Allonen Decl. ¶ 1.

6. *Id.* ¶ 14.

7. *Id.* ¶ 13.

8. Thackwray Decl. ¶ 1.

9. *Id.* ¶ 12; Mem. in Supp. of Huhtamäki, Leiras Oy, Leiras Pharmaceuticals, Dow, and Wyeth's Mot. to Dismiss at 7.

10. Angelakos Decl. ¶ 1, 2.

11. *Id.* ¶ 3.

12. *Id.*

As noted earlier, the plaintiffs have not responded to this motion.

What remains, therefore, are the allegations found in Plaintiffs' complaints. Plaintiffs' complaints allege, in pertinent part:

> Wyeth–Ayerst International[, Inc.], Leiras Pharmaceuticals, Leiras [Oy], Huhtamäki [Oy], [and] Dow [Corning] France[, S.A.] ... designed, manufactured, sold and/or distributed, and continue to design, manufacture, sell and/or distribute, silicone coated levonorgestrel implants, called NORPLANT Contraceptive System, and/or the component parts thereof, for/to hospitals and physicians who implant/place them in the bodies of women, or assumed the liabilities of those who did so.[13]

Further, Plaintiff Ozuna's complaint alleges that "[a] substantial part of the events or omissions forming the basis of this complaint occurred in Bexar County[, Texas]."[14] Finally, although not specified in Plaintiff Bocanegra's complaint, she appears to be alleging that the facts surrounding the basis of her complaint occurred in Brownsville, Texas.[15]

▓ Uncontroverted allegations in a complaint must be taken as true. *See, e.g., D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 546 (5th Cir.1985) (citing *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982)). However, when the unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegation. *See Travelers Indemnity Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 831 (5th Cir.1986), *modified,* 836 F.2d 850 (1988). The declarations filed by the movants with their motion do not expressly contradict the allegations in the complaints that they manufactured, sold

or distributed either Norplant or a component part of Norplant, but rather merely attempt to set out the limited contacts which the movants had with the Norplant system, which is at the heart of this lawsuit. Therefore, it is the duty of this court to determine whether the allegations make a prima facie showing of personal jurisdiction.

▓ Because this is a diversity suit, this court has jurisdiction over nonresident defendants to the same extent that a Texas state court would have such jurisdiction. *Wilson v. Belin,* 20 F.3d 644, 646 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). Since the Texas long-arm statute[16] extends to the limits of federal due process, this court must determine whether requiring the movants to defend this suit in Texas would impinge on their interests which are protected by the Due Process Clause. *Id.* at 647.

In terms of personal jurisdiction, in order to satisfy the Due Process Clause, two prerequisites must first be met. First, a nonresident defendant must have purposefully availed itself of the forum by establishing "minimum contacts" with that forum state. *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990)). Then, if the first hurdle is cleared, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (citations omitted)).

▓ The "minimum contacts" prong may be further subdivided into contacts giving rise to "specific" jurisdiction and contacts giving rise to "general" jurisdiction. *Id.*[17]

---

13. Pl. Bocanegra's Original Compl. ¶ 18; Pl. Ozuna's Original Compl. ¶ 20.

14. Pl. Ozuna's Original Compl. ¶ 15.

15. Pl. Bocanegra's Original Compl. ¶¶ 15, 17.

16. Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986).

17. A federal court exercises "specific" jurisdiction over a defendant when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). On the other hand, when the court exercises personal jurisdiction over a defendant in a suit which does not arise out of the defendant's contacts with the

For a court to exercise "general" jurisdiction over a defendant, the defendant must have contacts with the forum state which are continuous, systematic, and substantial. *Id.* at 649 (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779 n. 11, 104 S.Ct. 1473, 1481 n. 11, 79 L.Ed.2d 790 (1984)). Here, to the extent that the Plaintiffs' Original Complaints allege that the movants have any direct contact with Texas, because all movants expressly disavow any such contact throughout their declarations, this court does not have "general" jurisdiction over the movants in this case.[18] Therefore, this court need only consider whether each of the movants have minimum contacts sufficient for "specific" jurisdiction.

For a court to exercise "specific" jurisdiction over a defendant, the cause of action must arise out of the defendant's contacts with the forum. *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir.1990). These contacts with the forum need not be actual activity within the forum state. Rather, specific jurisdiction exists when

> the contact with the forum arises from the sale ... of a product by a foreign defendant, which has caused harm in the forum state, so long as the defendant delivered the product into the "stream of commerce" with the expectation that it should be purchased by or used by consumers in the forum state.

*Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071, 1073 (5th Cir.) (citing *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370 (5th Cir.1987)), *cert. denied,* 498 U.S. 900, 111 S.Ct. 256, 112 L.Ed.2d 214 (1990). As set out below, each of the movant's activities fit within this description— they did deliver Norplant, the alleged injury-causing product, or a component part thereof into the stream of commerce, expecting that the Norplant would be distributed in the United States. Because there is no indication that the movants attempted to limit the ultimate distribution of Norplant within the United States, and because the movants knew that the Norplant was to be distributed in the United States, they could have foreseen that the item they placed in the stream of commerce might end up in Texas. The movants argue that placing an item into the stream of commerce, without more, is not a "contact" for purposes of due process. However, the Fifth Circuit disagrees, holding that such "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 419 (5th Cir.1993) (alteration in original) (quoting *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 111, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987)).

With respect to Huhtamäki, because, prior to 1992, Norplant was assembled by a business unit of Huhtamäki in Finland for delivery to Wyeth–Ayerst in the United States,[19] Huhtamäki is the entity responsible for placing Norplant into the stream of commerce which reached Texas. Therefore, under *Ruston Gas Turbines,* Huhtamäki has contacts with Texas sufficient for personal jurisdiction.

Second, with respect to Leiras Oy, since it assembles Norplant in Finland **for sale in the United States,**[20] it too is responsible for the Norplant which it places in the stream of commerce which reached Texas. Therefore, under *Ruston Gas Turbines,* Leiras Oy has contacts with Texas sufficient for personal jurisdiction.

Third, with respect to Leiras Pharmaceuticals, since the declaration of Hannu Allonen filed on behalf of Leiras Pharmaceuticals did not expressly contradict the allegation in both Plaintiffs' Original Complaints that it designed, manufactured, sold and/or distributed Norplant or a component part thereof and placed the product into the

---

state, the court is exercising "general" jurisdiction. *Id.* at 414 n. 9, 104 S.Ct. at 1872 n. 9.

**18.** So-called "stream-of-commerce" contacts, discussed below, will not support a finding of general jurisdiction. *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375 (5th Cir.1987).

**19.** Salonen Decl. ¶ 13.

**20.** Norkela Decl. ¶ 14.

stream of commerce which reached Texas, but instead merely stated that it did not do so **within the United States**,[21] this court must assume for the purposes of personal jurisdiction that it **did** do so outside of the United States. Therefore, under *Ruston Gas Turbines*, the allegations in Plaintiffs' Original Complaints are sufficient to support personal jurisdiction over Leiras Pharmaceuticals.

■ Next, with respect to Dow, since Dow did manufacture and sell to Leiras Oy both tubing and adhesive,[22] which are component parts of Norplant, it is responsible for placing the tubing and adhesive into the stream of commerce which reached Texas. Therefore, under *Ruston Gas Turbines*, Dow has contacts with Texas which are sufficient for personal jurisdiction.

■ Finally, with respect to Wyeth, since it did sell levonorgestrel to the manufacturer of Norplant for inclusion in the Norplant capsules,[23] it is responsible for placing the levonorgestrel into the stream of commerce which reached Texas. It make no difference that Wyeth was neither the producer of the levonorgestrel nor the manufacturer of Norplant. In this respect, Wyeth's role in the distribution of Norplant is akin to that of the defendant in *Irving v. Owens–Corning Fiberglas Corp.*, 864 F.2d 383 (5th Cir.), *reh'g denied*, 872 F.2d 423, *cert. denied sub nom. Jugometal Enter. for Import and Export of Ores and Metals v. Irving*, 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). In *Irving*, the defendant seeking dismissal for lack of personal jurisdiction was the Yugoslavian exporter of asbestos into the United States. *Irving*, 864 F.2d at 386. In considering whether Texas had personal jurisdiction over the exporter, the court said that "[t]he label

attached to [the exporter's] role in the distribution scheme is not the critical question." *Id.* Similarly, Wyeth's role in the distribution scheme for Norplant is not critical—it matters only that it held title to a product and delivered that product into the stream of commerce that ultimately reached the Plaintiff. Therefore, Wyeth's contacts with Texas are sufficient for personal jurisdiction.

■ Because the movants have minimum contacts sufficient to subject them to specific jurisdiction in Texas, this court must next determine if the second prong of the analysis, whether the exercise of jurisdiction offends "traditional notions of fair play and substantial justice," is satisfied.[24] To determine whether requiring a defendant to defend a suit in a distant forum is "fair," a court must consider several factors:

(1) the burden upon the nonresident defendant;

(2) the interests of the forum state;

(3) the plaintiff's interest in securing relief;

(4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

(5) the shared interest of the several states in furthering fundamental substantive social policies.

*Wilson*, 20 F.3d at 647 n. 3 (citations and quotations omitted).

In this case, the Plaintiffs have a strong interest in securing convenient and effective relief. The Plaintiffs' claims against the movants are the same as their claims against all parties to this lawsuit, and the Texas forum will bring all parties to this lawsuit together in one courtroom for a single resolution. The Fifth Circuit has held that an

---

**21.** Allonen Decl. ¶ 14.

**22.** Thackwray Decl. ¶ 12.

**23.** Angelakos Decl. ¶ 3.

**24.** The movants rely almost exclusively on *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), for support of their argument that the exercise of jurisdiction over Leiras Oy and Dow would offend traditional notions of fair play and substantial justice. However, the movant's reliance on *Asahi* is misplaced. In *Asahi*, a case which involved a California court's exercise of personal jurisdiction,

the California plaintiff had settled his claim and was no longer a part of the lawsuit, leaving only foreign parties to the lawsuit. *Asahi*, 480 U.S. at 106, 107 S.Ct. at 1029. Therefore, the interests of the plaintiff in remaining in California and of the forum state in adjudicating the suit were slight. Conversely, in this case, Texas plaintiffs are still a part of this lawsuit. On this crucial basis, therefore, *Asahi* is distinguishable. *See, e.g., Asahi*, 480 U.S. at 114, 107 S.Ct. at 1033 ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished.").

identical interest comported with the fair play requirement of the Due Process Clause. *Ruston Gas Turbines*, 9 F.3d at 421. Further, because this suit involves alleged injuries arising out of sales of goods in Texas to Texas consumers, Texas also has an obvious interest in the lawsuit. Additionally, from an efficiency standpoint, it is a great advantage to the judicial system itself to have the claim against the movants litigated along with identical claims against the other defendants to this lawsuit. For all of the above reasons, this court's exercise of personal jurisdiction over the movants would not offend traditional notions of fair play and substantial justice.

## CONCLUSION

It is, therefore, ORDERED that Huhtamäki Oy, Leiras Oy, Leiras Pharmaceuticals, Inc., Dow Corning France, and Wyeth–Ayerst International, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(2) is DENIED.