## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

**Graciela T. DOMINGUEZ, Plaintiff,**

v.

**AMERICAN HOME PRODUCTS CORPORATION; Wyeth–Ayerst Laboratories Division of American Home Products Corporation; Wyeth–Ayerst Laboratories Company; Wyeth Laboratories, Inc.; Wyeth–Ayerst International, Inc.; Leiras Pharmaceuticals, Incorporated; Leiras Oy; Huhtamaki Oy; Dow Corning France S.A.; and Schering AG, Defendants.**

MDL No. 1038.
No. 1:94 CV 5053.

United States District Court,
E.D. Texas,
Beaumont Division.

May 12, 1995.

press warranty, and breach of implied warranty of fitness for a particular purpose.

Defendant, a New York corporation with its principal place of business in Pennsylvania, is a wholly-owned subsidiary of the defendant American Home Products Corporation.[1] Defendant's only apparent connection to this lawsuit is that in 1991, for a period of three months, it took title to levonorgestrel, a component of Norplant, from its producer, a German company, and transferred title to the manufacturer of Norplant, a Finnish company.[2] This transfer of title took place in Holland.[3]

Frank Herrera, Jr. and Adam Poncio of Law offices of Frank Herrera, San Antonio, TX, for plaintiff.

Burgain G. Hayes, Michael R. Klatt and Leslie A. Benitez of Clark, Thomas and Winters, P.C., Austin, TX, for defendant.

## ORDER DENYING DEFENDANT WYETH–AYERST INTERNATIONAL, INC.'S MOTION TO DISMISS FOR WANT OF JURISDICTION

SCHELL, Chief Judge.

Before this court is the motion of Defendant Wyeth–Ayerst International, Inc. ("Defendant") to dismiss for lack of personal jurisdiction. Additionally, Defendant filed the affidavit of Peter J. Angelakos in support of its motion. Plaintiff did not file a response. Upon consideration of the motion, affidavit, and attached memoranda of law, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

According to Plaintiff's Original Complaint, Plaintiff is suing various companies for injuries allegedly arising from implantation of the Norplant contraceptive system into her arm, including claims for negligence, strict products liability, violation of the Texas Deceptive Trade Practices Act, breach of ex-

## DISCUSSION

"Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the non-resident defendant sufficient to invoke the jurisdiction of the court." *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989) (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545 (5th Cir.1985)). To satisfy this burden, a plaintiff must make a prima facie showing of personal jurisdiction. *Id.* A prima facie case may be established "by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants." *Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916, 917 (5th Cir.1987) (per curiam) (citing *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir.1983); *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983)). As noted earlier, Plaintiff has not responded to this motion.

What remains, therefore, are the allegations found in Plaintiff's complaint. Plaintiff's complaint alleges, in pertinent part: "Wyeth–Ayerst International[, Inc.] ... sold and/or distributed ... silicone coated levonorgestrel implants, called NORPLANT

---

1. Angelakos Aff. ¶¶ 2, 3.

2. *Id.* ¶ 4.

3. *Id.*

Contraceptive System, and/or the component parts thereof, for/to hospitals and physicians who implant[ ] them in the bodies of women...."[4] Further, Plaintiff's complaint alleges that "[a] substantial part of the events or omissions forming the basis of this complaint occurred in Bexar County[, Texas]."[5]

■ Uncontroverted allegations in a complaint must be taken as true. *See, e.g., D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 546 (5th Cir.1985) (citing *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982)). However, when the unsubstantiated allegations are controverted by affidavit, the affidavit trumps the allegation. *See Travelers Indemnity Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 831 (5th Cir.1986), *modified,* 836 F.2d 850 (1988). The affidavit filed by Defendant with its motions does not expressly contradict the allegation in the complaint that Defendant sold or distributed a component part of Norplant, but rather merely attempts to set out the limited contact which Defendant had with the Norplant system, which is at the heart of this lawsuit. Therefore, it is the duty of this court to determine whether the allegations make a prima facie showing of personal jurisdiction.

■ Because this is a diversity suit, this court has jurisdiction over nonresident defendants to the same extent that a Texas state court would have such jurisdiction. *Wilson v. Belin,* 20 F.3d 644, 646 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). Since the Texas long-arm statute[6] extends to the limits of federal due process, this court must determine whether requiring Defendant to defend this suit in Texas would impinge on its interests which are protected by the Due Process Clause. *Id.* at 647.

In terms of personal jurisdiction, in order to satisfy the Due Process Clause, two prerequisites must first be met. First, the nonresident defendant must have purposefully availed itself of the forum by establishing "minimum contacts" with that forum state. *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990)). Then, if the first hurdle is cleared, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (citations omitted)).

■ The "minimum contacts" prong may be further subdivided into contacts giving rise to "specific" jurisdiction and contacts giving rise to "general" jurisdiction. *Id.*[7] For a court to exercise "general" jurisdiction over a defendant, the defendant must have contacts with the forum state which are continuous, systematic, and substantial. *Id.* at 649 (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 779 n. 11, 104 S.Ct. 1473, 1481 n. 11, 79 L.Ed.2d 790 (1984)). Here, because Plaintiffs' Original Complaints does not allege that Defendant has any direct contact with Texas and because Defendant expressly disavows any such contact, this court does not have "general" jurisdiction over Defendant in this case.[8] Therefore, this court need only consider whether Defendant

---

4. Pl.'s Original Compl. ¶ 18.

5. *Id.* ¶ 15.

6. Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986).

7. A federal court exercises "specific" jurisdiction over a defendant when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). On the other hand, when the court exercises personal jurisdiction over a defendant in a suit which does not arise out of the defendant's contacts with the state, the court is exercising "general" jurisdiction. *Id.* at 414 n. 9., 104 S.Ct. at 1872 n. 9.

8. So-called "stream-of-commerce" contacts, discussed below, will not support a finding of general jurisdiction. *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375 (5th Cir.1987).

has minimum contacts sufficient for "specific" jurisdiction.

 For a court to exercise "specific" jurisdiction over a defendant, the cause of action must arise out of the defendant's contacts with the forum. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). These contacts with the forum need not be actual activity within the forum state. Rather, specific jurisdiction exists when

> the contact with the forum arises from the sale ... of a product by a foreign defendant, which has caused harm in the forum state, so long as the defendant delivered the product into the "stream of commerce" with the expectation that it should be purchased by or used by consumers in the forum state.

*Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.) (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir.1987)), *cert. denied*, 498 U.S. 900, 111 S.Ct. 256, 112 L.Ed.2d 214 (1990). Defendant's contacts with Texas fit within this description—it did deliver a component part of Norplant, the alleged injury-causing product, into the stream of commerce, with the intent that the Norplant be distributed in the United States.[9] Because there is no indication that Defendant attempted to limit the ultimate distribution of Norplant within the United States, and because Defendant knew that the Norplant was to be distributed in the United States, Defendant could have foreseen that the item it placed in the stream of commerce might end up in Texas. As held by the Fifth Circuit, such "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir.1993) (alteration in original) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987)).

Additionally, it makes no difference that Defendant was neither the producer of the levonorgestrel nor the manufacturer of Norplant. In this respect, Defendant's role in the distribution of Norplant is akin to that of the defendant in *Irving v. Owens–Corning Fiberglas Corp.*, 864 F.2d 383 (5th Cir.), *reh'g denied*, 872 F.2d 423, *cert. denied sub nom. Jugometal Enter. for Import and Export of Ores and Metals v. Irving*, 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). In *Irving*, the defendant seeking dismissal for lack of personal jurisdiction was the Yugoslavian exporter of asbestos from Yugoslavia to the United States. *Irving*, 864 F.2d at 386. In considering whether Texas had personal jurisdiction over the exporter, the court said that "[t]he label attached to [the exporter's] role in the distribution scheme is not the critical question." *Id.* Similarly, Defendant's role in the distribution scheme for Norplant is not critical—it matters only that Defendant held title to a product and delivered that product into the stream of commerce that ultimately reached the Plaintiff.

Therefore, because Defendant has minimum contacts sufficient to subject it to specific jurisdiction in Texas, this court must next determine if the second prong of the analysis, whether the exercise of jurisdiction offends "traditional notions of fair play and substantial justice," is satisfied. To determine whether requiring a defendant to defend a suit in a distant forum is "fair," a court must consider several factors:

(1) the burden upon the nonresident defendant;

(2) the interests of the forum state;

(3) the plaintiff's interest in securing relief;

(4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

(5) the shared interest of the several states in furthering fundamental substantive social policies.

**9.** The affidavit of Peter J. Angelakos states that the purpose behind having Defendant take title to the levonorgestrel was to maintain as confidential the volume of Norplant being manufactured for Wyeth–Ayerst Laboratories, *"which distrib-* utes 'Norplant' in the United States."* Angelakos Aff. ¶ 5 (emphasis added). Therefore, Defendant knew that the levonorgestrel to which it was transferring title was bound for the United States.

*Wilson,* 20 F.3d at 647 n. 3 (citations and quotations omitted).

In this case, Plaintiff has a strong interest in securing convenient and effective relief. The Plaintiff's claims against the Defendant are the same as her claims against all parties to this lawsuit, and the Texas forum will bring all parties to this lawsuit together in one courtroom for a single resolution. The Fifth Circuit has held that an identical interest comported with the fair play requirement of the Due Process Clause. *Ruston Gas Turbines,* 9 F.3d at 421. Further, because this suit involves an alleged injury arising out of a sale of goods in Texas to a Texas consumer, Texas also has an obvious interest in the lawsuit. Additionally, from an efficiency standpoint, it is a great advantage to the judicial system itself to have the claim against Defendant litigated along with identical claims against the other defendants to this lawsuit. For all of the above reasons, this court's exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

It is, therefore, ORDERED that Defendant Wyeth–Ayerst International, Inc.'s Motion to Dismiss for Want of Jurisdiction is DENIED.