IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60338

Summary Calendar
_____

CHRISTIAN TOURS, INC.

Plaintiff-Appellant,

versus

HOMERIC TOURS, INC.

Defendant-Appellee.


_____

Appeal from the United States District Court
For the Northern District of Mississippi
(3:99-CV-79-B-A)
_____

November 13, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Christian Tours, a Mississippi corporation, contracted with Homeric Tours, a New York corporation, to provide air travel to Greece, along with hotel accommodations, for a tour group. A price dispute later occurred, causing Christian Tours to sue in Mississippi state court. Homeric removed on diversity grounds. The district court dismissed the case for want of personal jurisdiction. Christian appealed.

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

The district court was correct.  Federal courts sitting in diversity follow state personal jurisdiction rules.  We therefore inquire whether Homeric could have been reached by the Mississippi long-arm statute, and if so, whether assertion of jurisdiction over Homeric would comport with the Due Process Clause of the Fourteenth Amendment.  That latter inquiry consists of two parts: 1) does Homeric have sufficient minimum contacts with Mississippi, and 2) if so, is assertion of jurisdiction by Mississippi fair?[1]  We hold that Homeric lacked sufficient minimum contacts.  We therefore need not analyze the Mississippi long-arm statute, nor the other prong of the Due Process inquiry.

The parties concede that Homeric does not do business in Mississippi. Christian argues that the minimum contacts requirement is met by various incidents of the contract upon which they sue: communications from New York to Mississippi and (allegedly) the mailing of some airline tickets from New York to Mississippi.[2] According to Christian, this provides a basis for specific jurisdiction over disputes over that contract.

---

[1] *See Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

[2] The parties dispute whether the tickets were actually mailed.  We need not resolve that question.  Assuming that the tickets were mailed, that does not suffice to produce personal jurisdiction.

However, the mere fact that Homeric contracted with a Mississippi resident does not, alone, establish minimum contacts.[3] Rather, one must look to the overall transaction of which the contract was a part, with an eye towards determining whether the defendant purposefully availed itself of the privilege of doing business in the forum state.[4]  In *Caldwell v. Palmetto State Savings Bank*,[5] we held that a letter sent by the defendant to the plaintiff:

> [I]s not enough to meet the constitutional requirement that a defendant purposefully avail himself of the benefits of the forum before he is hailed into court there.  A court does not acquire jurisdiction over a defendant as the result of unilateral activities by another person.  This case is unlike *McGee v. International Life Insurance Co.*, in which the solicitation of a single insured was sufficient to establish personal jurisdiction over the defendant insurer.  The undisputed facts in this case show that the plaintiffs solicited the transactions.[6]

In other words, responding to a solicitation by an in-state party does not constitute purposeful availment.

*Caldwell* controls this case.  Christian solicited this transaction, therefore communications incident to that solicitation do not constitute purposeful availment by Homeric.  Further, Homeric's obligations under the contract were to be performed in

---

[3] *See Electrosource*, 176 F.3d at 872.

[4] *Id.*

[5] 811 F.2d 916 (5th Cir. 1987).

[6] *Id.* at 918 (citations omitted).

3

New York and Greece.  The mailing of tickets, even if it occurred, was not Homeric's essential duty under the contract.  Homeric's duty was to procure the tickets at the stated price and arrange accommodations in Greece.  None of that occurred in Mississippi.

We therefore AFFIRM the judgment of the district court.