United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-40441
Summary Calendar

SYDNEY KIRKLAND DUDLEY, SR.,

Petitioner-Appellant,

versus

SUZANNE R. HASTINGS, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-51
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sydney Kirkland Dudley, Sr., federal prisoner #05789-051, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, which challenged, *inter alia*, his conviction for engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. Dudley argues that his CCE conviction was invalid under Richardson v. United States, 526 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

813 (1999), and that, if 28 U.S.C. § 2241 relief is not available, the district court should have recharacterized his petition as a 28 U.S.C. § 2255 motion and transferred the motion to the sentencing court in the Western District of Texas. His remaining arguments have been abandoned on appeal. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Although Dudley could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," he has failed to make such a showing. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Jeffers v. Chandler, 253 F.3d 827, 829-31 (5th Cir. 2001). Moreover, as Dudley advised the district court that he had previously filed a 28 U.S.C. § 2255 motion, the district court did not abuse its discretion by declining to transfer Dudley's case to the Western District of Texas. See 28 U.S.C. §§ 1404, 1406; Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987); 28 U.S.C. §§ 2244(b)(3)(A), 2255.

**AFFIRMED.**