

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2006

# Decker v. Dyson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Decker v. Dyson" (2006). *2006 Decisions*. Paper 1739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4200
_____

BARBARA DECKER; JUNE QUINE,

Appellants
v.

VARNIE R. DYSON

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-01435)
District Judge: The Honorable James M. Munley

_____

Submitted under Third Circuit LAR 34.1(a)
January 13, 2006

Before:   BARRY, AMBRO and ALDISERT, Circuit Judges.

(Filed January 19, 2006)

_____

**OPINION**
_____

ALDISERT, Circuit Judge

Appellants Barbara Decker and June Quine, plaintiffs in this diversity case filed in the

District Court for the Middle District of Pennsylvania, seek review of the District Court's

dismissal of their complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack

of personal jurisdiction over the defendant, Varnie R. Dyson. We must decide whether the District Court erred: (1) in dismissing Decker and Quine's complaint for lack of personal jurisdiction over Dyson; and (2) in dismissing their complaint without ordering transfer, in the words of the appellants, to "the appropriate Court of jurisdiction in the state of Georgia." We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

The parties are familiar with the facts and the proceedings in the District Court, so we will only briefly revisit them here. Furthermore, because the District Court dismissed Decker and Quine's complaint for lack of personal jurisdiction over Dyson, we will accept the allegations contained in their complaint as true. See Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 (3d Cir. 1992) (accepting plaintiff's alleged facts as true in a decision to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure).

## II.

On July 5, 2002, Decker and Quine were passengers in a vehicle that was struck in the rear by another vehicle operated by Dyson. The collision occurred on Interstate 95 near Dover Bluff, Georgia. Both Decker and Quine are residents of Pennsylvania. Dyson is a resident of Georgia. The appellants filed the instant diversity action in the District Court for the Middle District of Pennsylvania to recover for their injuries. The court ruled that it lacked personal jurisdiction over Dyson as Decker and Quine failed to establish that the defendant has "sufficient minimum contacts with Pennsylvania in order to justify jurisdiction over him." This appeal followed.

2

## III.

We review *de novo* a district court's refusal to exercise jurisdiction over an out-of-state defendant. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products, 75 F.3d 147, 150 (3d Cir. 1996). As we are reviewing the judgment of a district court that is sitting in diversity, we look to the law of the forum state, here Pennsylvania, to determine whether personal jurisdiction over Dyson is proper. See id.; Rule 4(e), Federal Rules of Civil Procedure. Pennsylvania's long-arm statute states that the jurisdiction of its tribunals over nonresidents shall extend to all persons "to the fullest extent allowed under the Constitution of the United States," except as otherwise defined by its statutory rules regarding general jurisdiction. 42 Pa. Cons. Stat. Ann. § 5322(b) (2005). Because plaintiffs allege that Pennsylvania has both general and specific jurisdiction over Decker, we shall therefore examine the federal constitutional rules for the question of specific jurisdiction and Pennsylvania's statutory rules for general jurisdiction.

As plaintiffs, Decker and Quine have the burden of making a prima facie showing in their complaint that Dyson is subject to personal jurisdiction in Pennsylvania. See Mellon Bank (East), PSFS, Nat'l Assn. v. Farino, 960 F.2d 1217, 1222 (3d Cir. 1992). This burden falls upon the plaintiffs for both specific and general jurisdiction, and is overcome by alleging sufficient contacts by the defendant with the forum state such that the constitutional and statutory tests are satisfied. Under Pennsylvania law, general jurisdiction arises over an individual, non-corporate defendant if the person's domicile or presence was in the state at the time of service of process, or there was consent to suit. 42 Pa. Cons. Stat. Ann. § 5301(a)(1) (2005). Under the Federal Constitution, "[s]pecific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities such that the defendant should reasonably anticipate being

haled into court there." Vetrotex, 75 F.3d at 151 (citations and quotations omitted). This has been interpreted to mean that the plaintiff must establish that the defendant has had "minimum contacts" with the forum state and that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations and quotations omitted). Minimum contacts can be defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003) (quoting Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 109 (1987)).

Here, Pennsylvania possesses neither general nor specific jurisdiction over Dyson. General jurisdiction does not exist because Dyson was not domiciled or present in Pennsylvania at the time of service, and he has not consented to suit there. Specific jurisdiction does not exist because Dyson, a Georgian, has not engaged in any activity that can be viewed as being aimed directly or indirectly at Pennsylvania by simply being involved in a motor vehicle collision in Georgia, even when it involves Pennsylvania passengers.[1] Furthermore, there is no specific jurisdiction here because, by the mere act alone of driving along a Georgia interstate, Dyson could not have reasonably anticipated being haled into court in Pennsylvania.[2] Accordingly, the

---

[1] Decker and Quine also cite a laundry list of contacts that the accident has with Pennsylvania, including that it is the location of the license, registration and titling of their vehicle; the location where the majority of their medical care occurred; and the location where a majority of the witnesses for the case are domiciled. All these contacts, however, are incidental to the accident and indicate no purposeful acts by Dyson directed towards Pennsylvania sufficient to invoke its jurisdiction.

[2] Decker and Quine also argue that because Dyson's insurance carrier does business in "all fifty of the United States" he has a sufficient enough "connection with the forum state of

4

District Court was correct in dismissing the instant action under Rule 12(b)(2) for lack of personal jurisdiction.

IV.

Decker and Quine also argue in the alternative that the District Court erred by dismissing their case rather than transferring it "to the appropriate Court of jurisdiction in the state of Georgia." We decline to address this argument and consider it either waived or abandoned because Decker and Quine failed to present any arguments in their brief in support of this contention. Decker and Quine present this contention in their Statement of Issues, briefly mention it in their Statement of the Case and Summary of the Argument, and include it as a possible alternative holding in their Conclusion. At no time, however, do they develop this argument in the body of the brief or cite any law or precedent supporting their position.[3] Under the Federal Rules of Appellate Procedure, an appellant's brief *must* contain their "contentions and

---

Pennsylvania." Appellants cite no authority for this proposition, nor does good reason support this notion. Dyson's insurance carrier is not a party to this action. Moreover, it must be the *defendants* who purposely avails *themselves* of the privileges of the laws of the forum state for the purposes of establishing the minimum contacts required for specific jurisdiction. See Toys "R" Us, 318 F.3d at 451 (stating that we assess "some act by which the *defendant* purposefully avails *itself*") (emphasis added). We do not find specific jurisdiction based on the actions of a third party who is not a party to this suit. See Vetrotex, 75 F.3d at 150 (stating that we examine the "'relationship among the forum, the defendant and the litigation.'") (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

[3] We also note that Decker and Quine failed to raise this matter in their district court brief in opposition to Dyson's motion to dismiss. Under 28 U.S.C. § 1406(a), a district court, upon a motion or *sua sponte,* may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice. A district court has "broad discretion in deciding whether to order a transfer." Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987) (ruling that a district court did not abuse its discretion in failing to order *sua sponte* a transfer under § 1406). Because Decker and Quine failed to move for a transfer before the District Court and provided no reasons why such a move would be in the interest of justice, we accordingly conclude that the court acted within its permissible discretion in refusing to issue such an order.

5

the reasons for them with citations to the authorities . . . on which the appellant relies." Rule 28(a)(9)(A), Federal Rules of Appellate Procedure. Decker and Quine have failed to comply with this rule. Their passing references to this argument are insufficient to put it before us, and we will therefore consider it waived. See Dillinger v. Caterpillar, Inc., 959 F.2d 430, 447 (3d Cir. 1992) (stating that a passing reference to a claim without further development is insufficient to preserve it for appeal).

V.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.