United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 07-40058

---

In Re: VOLKSWAGEN OF AMERICA INC, a New Jersey Corporation;
VOLKSWAGEN AG, a foreign corporation organized under the laws of
Germany

Petitioners

---

Petition for Writ of Mandamus to the United States
District Court for the Eastern District of Texas, Marshall

---

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioners Volkswagen AG and Volkswagen of America, Inc.
(collectively, "Volkswagen") seek a writ of mandamus, contending
that the district court abused its discretion in denying
Volkswagen's motion to transfer venue from the Marshall Division
of the Eastern District of Texas to the Dallas Division of the
Northern District of Texas.

"Mandamus is an extraordinary writ . . . and is not a
substitute for an appeal. We will issue the writ only . . . when
the trial court has exceeded its jurisdiction or has declined to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re Chesson, 897 F.2d 156, 159 (5th Cir. 1990). Further, "[t]he district court has broad discretion in deciding whether to order a [venue] transfer." Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987).

Although Volkswagen argues that this case "presents a virtual replay" of a case in which the writ was issued to correct errors in a district court's venue transfer analysis, In re Volkswagen AG, 371 F.3d 201 (5th Cir. 2004), that case is distinct. First, the district court in In re Volkswagen improperly failed to consider the convenience of parties and witnesses to the defendants' third-party claims. Id. at 204-05. By contrast, the court here did not exclude the convenience of any party or witness from its consideration. Second, the approximately 400 miles that the parties and witnesses in In re Volkswagen would have had to travel to reach the plaintiffs' chosen venue is far greater than the roughly 150 miles involved here. Third, the court in In re Volkswagen determined that the third-party defendant would be inconvenienced by having to travel that distance, id., whereas the third-party defendant in this case has stated that maintenance of the action in the Marshall Division of the Eastern District of Texas is not inconvenient. Finally, the In re Volkswagen court erred by considering the

2

convenience of counsel, id. at 206, which is not a proper factor in the venue transfer analysis and was not considered in this case.

The district court here did not clearly and indisputably abuse its discretion in denying Volkswagen's motion to transfer venue, and we are thus unwilling to substitute our own balancing of the transfer factors for that of the district court.

IT IS ORDERED that the petition for writ of mandamus is DENIED.

EMILIO M. GARZA, Circuit Judge, dissenting:

Because the Eastern District of Texas has no 28 U.S.C. § 1404(a) connection or relationship with the circumstances of these claims, I respectfully dissent. A transfer of venue is proper when a set of private and public interest factors weigh in favor of transfer. *In re Volkswagen*, 371 F.3d 201, 203 (2004); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). Even though the district judge considered the proper factors, he still abused his discretion in balancing them. *See id.* The only connection between this case and the Eastern District of Texas is plaintiffs' choice to file there; *all* other factors relevant to transfer of venue weigh overwhelmingly in favor of the Northern District of Texas. *See In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003) ("[T]he factors favoring transfer substantially out weigh the single factor of the place where plaintiff chose to file the suit"); *see also Volkswagen,* 371 F.3d at 203. Moreover, the fact that parties and witnesses will travel 150 miles to litigate their claims does not weigh against transfer. *See Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").